

ORDERED in the Southern District of Florida on August 20, 2012.

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | CASE NO. 09-12141-BKC-AJC<br>CHAPTER 7 |
| **AKRAM NIROOMAND,** | |
|     Debtor. | |
| **ALAN L. GOLDBERG**, Trustee, and<br>**JASON E. SLATKIN**, individually, | ADV. NO. 12-1815-BKC-AJC-A |
|     Plaintiffs, | |
| v. | |
| **HOWARD D. ROSEN**, individually,<br>**DONLEVY-ROSEN & ROSEN, P.A.** and<br>**NANCY C. WEAR**, individually, | |
|     Defendants. | |

### ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

THIS CAUSE came before the Court for hearing on August 15, 2012 at 2:00 p.m. in Miami, Florida on *Plaintiff's Motion for Preliminary Injunction* (the "*Motion*"), [ECF 7], at which appeared Jason E. Slatkin, Esq. on behalf of himself and Alan Goldberg, chapter 7 trustee of

1

the bankruptcy estate of Akram Niroomand, and making a special, limited appearance, Nancy C. Wear, Esq., on behalf of herself and her co-defendants Howard D. Rosen, Esq. and the law firm of Donlevy-Rosen & Rosen, P.A., and the Court, having reviewed the *Motion* and the record herein, and hearing argument of counsel, makes the following findings of fact:

## **Findings of Fact**

On February 6, 2009, Akram Niroomand ("Debtor") filed a voluntary petition under chapter 7 of the United States Bankruptcy Code, Case Number 09-12141-AJC, in Miami Division of the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Case"). Alan Goldberg ("Trustee") is and remains the chapter 7 trustee in the Bankruptcy Case, and Jason E. Slatkin, Esq. is his court-approved counsel therein.

Trustee, through Mr. Slatkin, brought an action against Howard D. Rosen and his law firm, Donlevy-Rosen & Rosen, P.A., Adversary Proceeding No. 10-03321-AJC in which judgment was entered against Trustee and in favor of Mr. Rosen and his firm following a trial conducted before this Court on May 9, 2011. At that trial, the Court determined the Trustee's claims to be "woefully lacking in any proof". The judgment issued by this Court in favor of Rosen and his firm was affirmed by the District Court on appeal. Trustee has sought an appeal of the District Court's affirmance in the United States Court of Appeals for the Eleventh Circuit, which is currently pending, having been fully briefed by the parties. Mr. Rosen has sought sanctions under Federal Rule of Appellate Procedure 38 in the Eleventh Circuit Court of Appeals asserting the appeal is frivolous.

During the pendency of the appeal to the Eleventh Circuit, Mr. Rosen and his firm, through the services of Nancy C. Wear, Esq. (collectively, the "Defendants" in the instant adversary proceeding), filed suit in the Miami-Dade Circuit Court, Case Number 12-10693CA23, (the "State Court Action") against the Trustee and his counsel, the Plaintiffs herein. Defendants commenced the State Court Action without obtaining leave of this Court.

In response, Plaintiffs, as defendants in the State Court Action, filed and served Ms.

2

Wear, as counsel for Mr. Rosen and his law firm, with a motion to dismiss, asserting that the commencement and any continued prosecution of the State Court Action was and remains a violation of the Barton Doctrine and 28 U.S.C. § 959(a).

Together with service of the motion to dismiss, the Trustee and his counsel served Ms. Wear with a motion for sanctions pursuant to Fla. Stat. § 57.105 for bringing the State Court Action. The motion for sanctions was served under cover of the requisite 21-day safe-harbor letter, which ran its course, without any action taken by Mr. Rosen and his firm, but for the filing of a motion to disqualify Jason E. Slatkin as counsel for the trustee in the State Court Action, which is also set for hearing on August 28, 2012.

## Conclusions of Law

"To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest." *Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1217 (11th Cir. Fla. 2009).

Pending a final determination, it appears likely that Plaintiffs will prevail on their claims for declaratory and injunctive relief for violations of the Barton Doctrine and § 959(a), and that Defendants' filing of the State Court Action absent leave of this Court was improper. According to the Supreme Court in *Barton v. Barbour*, 104 U.S. 126, 26 L. Ed. 672 (1881), "[i[t is a general rule that before suit is brought against a receiver leave of the court by which he was appointed must be obtained." See also *Henkel v. Lickman*, 286 B.R. 821 (Bankr. MD Fla. 2002):

> If [the trustee] is burdened with having to defend against suits by litigants disappointed by his actions on the court's behalf, his work for the court will be impeded....Without the requirement [of leave], trusteeship will become a more irksome duty, and so it will be harder for courts to find competent people to appoint as trustees. Trustees will have to pay higher malpractice premiums, and this will make the administration of the bankruptcy laws more expensive.... Furthermore, requiring that leave to sue be sought enables the bankruptcy judges to monitor the work of the trustees more effectively.

*Id.*, at 829 (quoting *Carter v. Rodgers*, 220 F.3d 1249, 1252-53 (11th Cir. 2000) (quoting *In re Linton, 136 F.3d 544, 545 (7th Cir. 1998)*). In addition, Plaintiffs are likely to establish that Defendants have violated 28 U.S.C. § 959(a), which provides:

> Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

28 U.S.C. § 959(a). As this is a chapter 7 case filed by an individual debtor, there is no business being carried on by the Trustee, thus, the exception contained within § 959(a) is inapplicable.

In *Henkel v. Lickman (In re Lickman)*, 286 B.R. 821, 831 (Bankr. M.D. Fla. 2002), the bankruptcy court, in refusing to terminate a preliminary injunction barring the continuation of state court actions in violation of the Barton Doctrine and § 959(a) of Title 28, stated:

> "As Collier observes, 'the basic purpose of the section [§ 105] is to enable the [bankruptcy] court to do whatever is necessary to aid its jurisdiction, i.e., anything arising in or relating to a bankruptcy case.'" [citing *Baptist Medical Center of New York v. Singh (In re Baptist Medical Center of New York)*, 80 B.R. 637, 641 (Bankr. E.D. N.Y. 1987).], quoting 2 Collier on Bankruptcy, P 105.02 at 102.03 (15th ed. 1987). "The Bankruptcy Court may also enjoin state court proceedings under 28 U.S.C. § 959." *Id.* Accordingly, the bankruptcy court's ability to enjoin actions that interfere with its jurisdiction or that "threaten the integrity of a bankrupt's estate" is well-recognized throughout the nation. *See Stonington Partners, Inc. v. Lernout & Hauspie Speech Products, N.V.*, 310 F.3d 118, 127 (3d Cir. 2002).

The undisputed fact that the State Court Action at issue herein was commenced by the Defendants and against Trustee and his counsel without first obtaining leave of this Court, establishes the first element required for issuance of a preliminary injunction. That is, it appears substantially likely that Defendants' violated the Barton Doctrine and 28 U.S.C. § 959(a) in bringing the State Court Action against Plaintiffs, without leave. *Henkel*, 286 B.R. at 829. Inasmuch as the primary purpose behind the Barton Doctrine and § 959(a) is to protect the bankruptcy estate and maintain the integrity of the bankruptcy system, irreparable harm will

4

likely result if the State Court Action is allowed to continue. *Id.* at 829. The prejudice to Plaintiffs should the State Court Action continue outweighs any harm to Defendants; the expenditure of limited estate resources and the preservation of the integrity of this Court both outweigh any harm Defendants will suffer if a preliminary injunction is granted. *Id.* at 830.

Preserving the jurisdiction of the bankruptcy courts and the integrity of the bankruptcy system, by taking reasonable steps to protect a bankruptcy estate from the unnecessary expenditure of limited resources, is a strong public policy in favor of granting Plaintiffs a preliminary injunction and, as noted, the overriding reasons behind the Barton Doctrine and § 959(a).

For the foregoing reasons, Plaintiffs are entitled to a preliminary injunction barring Defendants from continuing to prosecute the State Court Action until further order of this Court.

ACCORDINGLY, it is

ORDERED AND ADJUDGED as follows:

1. Plaintiffs' *Motion for Preliminary Injunction*, [ECF 7], is GRANTED.

2. Defendants are enjoined from continuing to prosecute the State Court Action pending the outcome of the appeal with the Eleventh Circuit, including all pending motions.

3. No hearings for a final determination of the claims raised in this instant adversary proceeding shall be set until such time as the Eleventh Circuit decides the appeal, including all pending motions.

###

Submitted by and copies furnished to:
Jason E. Slatkin, Esq.
Slatkin & Reynolds, P.A.
Attorneys for Plaintiffs
One E. Broward Blvd., Suite 609
Ft. Lauderdale, FL 33301
Telephone: 954.745.5880
Facsimile: 954.745.5890
E-mail: jslatkin@slatkinreynolds.com

> Jason E. Slatkin is directed to serve a copy of this *Order* on all entitled to service thereof and to file a certificate of service immediately thereafter.