

ORDERED in the Southern District of Florida on January 30, 2013.

A. Jay Cristol, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | CASE NO. 09-12141-BKC-AJC |
| **AKRAM NIROOMAND,** | CHAPTER 7 |
| Debtor. | |
| **ALAN L. GOLDBERG**, Trustee, and **JASON E. SLATKIN**, individually, | ADV. NO. 12-1815-BKC-AJC-A |
| Plaintiffs, | |
| v. | |
| **HOWARD D. ROSEN**, individually, **DONLEVY-ROSEN & ROSEN, P.A.** and **NANCY C. WEAR**, individually, | |
| Defendants. | |

### ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISQUALIFY ATTORNEY JASON SLATKIN AS COUNSEL FOR PLAINTIFF ALAN GOLDBERG

THIS CAUSE came before the Court for hearing on January 8, 2013 at 2:00 p.m. in Miami, Florida upon *Defendants' Motion to Disqualify Attorney Jason Slatkin as Counsel for Plaintiff Alan Goldberg* (the "*Motion*") [ECF 71]. The Court heard the argument of counsel and requested post-

1

hearing submissions from the parties. The Court having reviewed the Motion and all post-hearing submissions, including the memorandum of law, supplemental memorandum of law and proposed order of the Defendants and the proposed order of the Plaintiffs, and having considered the parties' respective positions, grants in part and denies in part the *Motion* for the reasons set forth below.

## Factual and Procedural History

Plaintiffs, Alan Goldberg, as trustee of the bankruptcy estate of Akram Niroomand, and his counsel, Jason E. Slatkin, Esq., brought this adversary proceeding against the Defendants, Howard Rosen, Esq., his law firm, Donlevy-Rosen & Rosen, P.A. (collectively "Rosen") and Nancy C. Wear, Esq., who served as appellate counsel for Rosen in a prior adversary proceeding brought by the Trustee against Rosen.[1] Plaintiffs asserted in their complaint filed in this case that Defendants violated the Barton Doctrine and 28 U.S.C. § 959(a) by filing and continuing to pursue a state court action against the Trustee and Slatkin without first obtaining leave of this Court. *Complaint for Injunctive Relief and Damages*. [ECF 1]. Following a hearing on Plaintiffs' motion for preliminary injunction [ECF 7], this Court held, "Pending a final determination, it appears likely that Plaintiffs will prevail on their claims for declaratory and injunctive relief for violations of the Barton Doctrine and § 959(a), and that Defendants' filing of the State Court Action absent leave of this Court was improper." *Order Granting Plaintiffs' Motion for Preliminary Injunction*, [ECF 11 at p. 3].

## Discussion

By their Motion, Defendants seek the disqualification of Jason E. Slatkin, Esq. ("Slatkin") as counsel to the Trustee in this adversary proceeding. According to Defendants, Slatkin's conduct in the prior adversary proceeding, wherein he unsuccessfully represented the Trustee in avoidance and negligence claims brought against Rosen, constitutes the basis for the allegations in Rosen's counterclaims against Slatkin and the Trustee for malicious prosecution and abuse of process.

---

[1] *Goldberg v. Rosen, et al.*, Adv. No. 10-03321-BKC-AJC-A.

Defendants assert Slatkin's prior representation of Trustee in that case gives rise to a conflict of interest between Slatkin and the Trustee that is unwaivable by the Trustee, thus, mandating Slatkin's disqualification. In support of their position, Defendants cite Rule 4.1.7(a) of the Florida Rules of Professional Conduct, which provides:

> (a) Representing Adverse Interests. Except as provided in subdivision (b), a lawyer shall not represent a client if:
>
> (1) the representation of 1 client will be directly adverse to another client; or
>
> (2) there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a conflict of interest under subdivision (a), a lawyer may represent a client if:
>
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
> (2) the representation is not prohibited by law;
>
> (3) the representation does not involve the assertion of a position adverse to another client when the lawyer represents both clients in the same proceeding before a tribunal; and
>
> (4) each affected client gives informed consent, confirmed in writing or clearly stated on the record at a hearing.

Thus, the Rule is not absolute, but rather, there are exceptions to the disqualification required under subsection (a) found in subsection (b).

Upon consideration of the Motion, Slatkin's opposition and the cited authority, the Court concludes that Slatkin reasonably believes he can provide competent and diligent representation to the Trustee, and this Court agrees. The Trustee apparently agrees with Slatkin's position because the Trustee was present at the hearing and never voiced a contrary opinion. Thus, the first and fourth elements to the exception found in subsection (b) are satisfied. Moreover, because Defendants have cited no authority which may make the continued representation "unlawful," the second element is also satisfied. Lastly, because the purported conflict does not involve another

3

one of Slatkin's clients, the third element is likewise satisfied. Therefore, total disqualification appears unwarranted in this case.

In seeking total disqualification, Defendants rely on two Florida state court cases that are disciplinary proceedings involving attorneys complicit in their client's fraudulent conduct. *See Florida Bar v. Feige*, 596 So.2d 433 (Fla. 1992) and *Florida Bar v. Ward*, 472 So.2d 1159 (Fla. 1985). These cases are factually and procedurally distinguishable from the instant case. Defendants also cite to a decision by the United States District Court for the Southern District of Florida concerning a civil suit in which the plaintiffs sought to disqualify defendants' counsel under Rules 4-1.7 and 4-3.7 in a case that is similar to this case. *Suchite v. Kleppin*, 784 F.Supp.2d 1343 (S.D.Fla. 2011). However, the *Kleppin* case actually supports the Plaintiffs' position and the reasoning in *Kleppin* is equally applicable here.

*Kleppin* involved a plaintiff who, like the Defendants herein, sought to disqualify the opposing party's counsel, who was also a party to the case, pursuant to Rule 4-1.7. Judge Martinez noted:

> *Rule 4-1.7* is the general rule on conflicts of interest involving attorneys. *Rule 4-3.7* is the rule on the lawyer as a witness. The two rules in question have different standards with regard to when they may be addressed by the Court and the opposing party. The comments to *Rule 4-1.7* provide:
>
>> Resolving questions of conflict of interest is primarily the responsibility of the lawyer undertaking the representation... Where the conflict is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question. Such an objection should be viewed with caution, however, for it can be misused as a technique of harassment.
>
> On the other hand, the comments to *Rule 4-3.7* provide:
>
>> The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.
>
> Accordingly, the Court must view the motion to disqualify on the grounds of *Rule 4-1.7* with more caution.

*Kleppin* at 1346.  The court further referenced the comment to Rule 4-1.7:

> A possible conflict does not itself preclude the representation. The critical questions are the likelihood that a conflict will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client. Consideration should be given to whether the client wishes to accommodate the other interest involved.

*Kleppin* at 1347.

Based upon his analysis of the foregoing, Judge Martinez denied the motion for total disqualification, noting that the clients of the lawyer whose disqualification was sought had waived the conflict and that the positions of counsel and the parties were not necessarily adverse. *Id.* The Court finds the ruling in *Kleppin* to be persuasive and applicable to this case.

Defendants assert that both Slatkin and the Trustee were malicious in the pursuit of the prior adversary proceeding, and the appeals, against Rosen.  Both Slatkin and the Trustee deny these allegations.  Therefore, Slatkin's position and the Trustee's position appear to be clearly aligned and not adverse.  Defendants also argue that it was Slatkin's advice to the Trustee which gave rise to the counterclaims and as such, there is a conflict. While this may have some merit in a case in which an unsophisticated lay person calls upon counsel for advice and advocacy, this case is unique. Here, the party being represented is a bankruptcy trustee who has served as a trustee in thousands of cases and has appeared dozens of times before this Court.  The Court knows the Trustee is well-versed in bankruptcy matters and has assisted his counsel in the handling of cases before this Court, including adversary proceedings such as the one which serves as the basis for Defendants' counterclaims. This Court further notes that the Trustee was present at the hearing on the *Motion*, at which Slatkin presented both his and the Trustee's opposition to the *Motion*. Thus, there is no reason to believe that, to the extent there is any conflict, the Trustee has not knowingly and voluntarily waived same. The elements of the exception found in subsection (b) of Rule 4-1.7 having been satisfied, total disqualification of Slatkin at this time is improper.

5

As a second argument, Defendants assert that because Slatkin is a party to this action and will likely testify at trial, he cannot serve both as an advocate and witness at trial, citing Rule 4-3.7, which states:

> (a) When Lawyer May Testify. -- A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless:
>
>   (1) the testimony relates to an uncontested issue;
>
>   (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
>
>   (3) the testimony relates to the nature and value of legal services rendered in the case; or
>
>   (4) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) Other Members of Law Firm as Witnesses. --A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by rule 4-1.7 or 4-1.9.

At the hearing on the *Motion* conducted on January 8, Slatkin stated that prior to the Defendants' filing of their *Motion*, he agreed that he could not and, for practical reasons, would not want to serve as both an advocate and witness at trial. Rather, if this case goes to trial, Slatkin intended that his partner serve as trial counsel, consistent with subparagraph (b) of Rule 4-3.7 and the holding in *Kleppin*.

Frankly, the Court is confounded by the Defendants' concern for the Trustee's welfare in the receipt of qualified legal representation. But, be that as it may, it is

ORDERED AND ADJUDGED as follows:

1. The *Motion* is DENIED IN PART to the extent it seeks total disqualification of Slatkin as counsel for Trustee in this case.

2. The *Motion* is GRANTED IN PART, in that Slatkin shall not serve as counsel to the Trustee at trial.

###

Submitted by and copies furnished to:
Jason E. Slatkin, Esq.
Slatkin & Reynolds, P.A.
Attorneys for Plaintiffs
One E. Broward Blvd., Suite 609
Ft. Lauderdale, FL 33301
Telephone: 954.745.5880
Facsimile: 954.745.5890
E-mail: jslatkin@slatkinreynolds.com

Jason E. Slatkin is directed to serve a copy of this *Order* on all entitled to service thereof and to file a certificate of service immediately thereafter.